## COMMERCIAL CREDIT COMPANY *v.* UNITED STATES

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT

No. 258. Argued November 21, 22, 1927.—Decided February 20, 1928.

1. Upon review by certiorari, no questions will be considered except those on which the petition for the writ was based. P. 229.
2. Where a person discovered in the act of unlawfully transporting intoxicating liquor in a vehicle is proceeded against as prescribed by § 26 of the Prohibition Act, and convicted of the unlawful possession incident to the transportation, the vehicle must be disposed of under that section also, which provides protection for the interests of innocent owners or lienors, and not under Rev. Stats. § 3450, which does not provide such protection. P. 232.

17 F. (2d) 902, reversed.

CERTIORARI, 275 U. S. 511, to a judgment of the Circuit Court of Appeals, which affirmed a decree of the District Court, forfeiting a motor vehicle under § 3450 of the Revised Statutes upon the ground that it had been used

in the removal, deposit and concealment of intoxicating liquor, with intent to defraud the United States of the tax thereon. The present petitioner intervened in the libel proceedings to assert its title to the car.

*Mr. Duane R. Dills,* with whom *Messrs. Frank H. Towsley, John J. Kennett,* and *Charles W. Haswell* were on the brief, for petitioner.

*Solicitor General Mitchell,* with whom *Assistant Attorney General Mabel Walker Willebrandt* and *Mr. Mahlon D. Kiefer,* Chief Attorney, Department of Justice, were on the brief, for the United States.

There is no direct conflict between § 26 and § 3450. Section 26 may be construed to make forfeiture proceedings under it permissive, not mandatory. A provision in one statute authorizing forfeiture of guilty interests in a car used for illegal transportation, is not in direct conflict with another statute providing that the whole value of the vehicle may be forfeited if its use is in violation of the Revenue or Customs Laws.

Mere institution of a prosecution for an offense under one statute does not bar proceedings for a violation of another. *Carter* v. *McClaughry,* 183 U. S. 365; *Albrecht* v. *United States,* 273 U. S. 1; *Morey* v. *Commonwealth,* 108 Mass. 433; *United States* v. *Torres,* 291 Fed. 138; *United States* v. *One Ford Coupe,* 272 U. S. 321; *Port Gardner Investment Company* v. *United States,* 272 U. S. 564.

A conviction of the individual for illegal possession, or any other offense, excepting illegal transportation, under the National Prohibition Act, is no bar to a proceeding *in rem* for forfeiture of the vehicle for tax evasion under § 3450. Such a proceeding is not a prosecution within the meaning of § 5 of the Supplemental Act. There is no such offense as " possession in transportation." Where a

conviction for possession occurs, no forfeiture of a vehicle under § 26 is entailed, and that section does not come into operation.

The finding of the District Court that an internal-revenue tax was due and unpaid is not open to question here, because not raised in the application for certiorari. See *United States* v. *One Ford Coupe, supra; Port Gardner Investment Company case, supra; United States* v. *385 Barrels of Wine,* 300 Fed. 565.

Mr. JUSTICE SANFORD delivered the opinion of the Court.

This is a libel brought by the United States in November, 1925, in the Federal court for the Western District of Washington, under § 3450 of the Revised Statutes,[1] to forfeit a Ford coupe upon the ground that it had been used in the removal, deposit and concealment of intoxicating liquor, with intent to defraud the United States of the tax thereon. The Commercial Credit Co. intervened as claimant, asserting title to the car and alleging that it had no knowledge that the car was used or intended to be used in violation of law.

By stipulation of the parties the case was heard by the district judge without the intervention of a jury. The evidence showed that in October a customs inspector who, in consequence of reports that this car was being used to distribute Canadian liquor about the city of Seattle, had

_____

[1] U. S. C., Tit. 26, § 1181. This section provides that: "Whenever any goods or commodities for or in respect whereof any tax is or shall be imposed . . are removed, or are deposited or concealed in any place, with intent to defraud the United States of such tax, . . every vessel, boat, cart, carriage, or other conveyance whatsoever . . used in the removal or for the deposit or concealment thereof, respectively, shall be forfeited."

watched its movements for some days, discovered one Campbell—who had purchased the car under a conditional sale—in the act of backing the car out of an alley in the rear of his house, stopped the car, searched it, found that it contained thirteen quarts of whiskey and gin, arrested Campbell, and seized the car. The liquor bore labels indicating that it was of foreign manufacture, and there were no stamps on the bottles showing the payment of duty or internal revenue taxes. It was also stipulated at the hearing that Campbell was prosecuted in the District Court under the National Prohibition Act[2] on the charges of " unlawful possession and transportation of liquor and plead guilty to unlawful possession, whereupon the Government dismissed as to the transportation, and that covers the identical transaction here involved." Thereafter the Government brought the libel to forfeit the car.[3] At the close of the evidence the claimant moved to dismiss the libel, on the ground, among others, that the United States had elected to proceed under the National Prohibition Act and was barred from proceeding under § 3450. The district judge denied this motion, and entered a decree condemning and forfeiting the car to the United States. This was affirmed by the Circuit Court of Appeals, which held that as Campbell's conviction of unlawfully possessing intoxicating liquor was under § 3 of Title II of the Prohibition Act and did not entail a disposition of the car under § 26 of that Title, the Government was at liberty to proceed under § 3450 for the forfeiture of the car. 17 F. (2d) 902.

The petition for the writ of certiorari was based solely on the ground that under § 26 of the Prohibition Act the

---

[2] 41 Stat. 305, c. 85; U. S. C., Tit. 27.

[3] This appeared inferentially and, we understand, is admitted.

Government was barred from proceeding to forfeit the car under § 3450; and no other question will be considered. *Alice State Bank* v. *Houston Pasture Co.,*. 247 U. S. 240, 242; *Webster Co.* v. *Splitdorf Co.,* 264 U. S. 463, 464; *Steele, Executor,* v. *Drummond,* 275 U. S. 199.

Sec. 26 provides that: "When the commissioner, his assistants, inspectors, or any officer of the law shall discover any person in the act of transporting in violation of the law, intoxicating liquors in any wagon, buggy, automobile, water or air craft, or other vehicle, it shall be his duty to seize any and all intoxicating liquors found therein being transported contrary to law. Whenever intoxicating liquors transported or possessed illegally shall be seized by an officer he shall take possesion of the vehicle . . and shall arrest any person in charge thereof. Such officer shall at once proceed against the person arrested under the provisions of this title in any court having competent jurisdiction; but the said vehicle or conveyance shall be returned to the owner upon execution by him of a good and valid bond . . approved by said officer and . . conditioned to return said property to the custody of said officer on the day of trial to abide the judgment of the court. The court upon conviction of the person so arrested . . unless good cause to the contrary is shown by the owner, shall order a sale by public auction of the property seized, and the officer making the sale, after deducting the expenses of keeping the property, the fee for the seizure, and the cost of the sale, shall pay all liens, according to their priorities, which are established, by intervention or otherwise at said hearing or in other proceeding brought for said purpose, as being bona fide and as having been created without the lienor having any notice that the carrying vehicle was being used or was to be used for illegal transportation of liquor, and shall pay the balance of the proceeds into the Treasury of the United States as miscellaneous receipts."

The essential distinction between § 26 and § 3450 in so far as relates to the forfeiture of a vehicle is that where § 26 is the only applicable provision for its forfeiture the interests of innocent owners and lienors are not forfeited, but where it may be forfeited under § 3450 by reason of its use to evade the payment of a tax the interests of those who are innocent are not saved. *United States* v. *One Ford Coupe,* 272 U. S. 321, 325.

In *Port Gardner Co.* v. *United States,* 272 U. S. 564, 566, which came to this Court on a certificate of the Circuit Court of Appeals, the driver of an automobile, seized by prohibition agents, had been charged with possession and transportation of intoxicating liquor in violation of the Prohibition Act, and had pleaded guilty to both charges and been sentenced. In answering one of the questions presented by the certificate we held that the " prosecution with effect " of the driver of a car under the National Prohibition Act constituted " an election by the Government to proceed under § 26 of that Act," and thereby prevented the forfeiture of the car under § 3450. As to this we said: " The disposition of the automobile prescribed in § .26 became mandatory after " the driver's " conviction; and being inconsistent with the disposition under § 3450 necessarily precluded resort to proceedings under the latter section."

The claimant states that the question here presented is that which was referred to in a concurring opinion in the *Port Gardner Co.* case, 567, namely, " whether the prohibition officer discovering one in the act of transportation may disregard the plain and direct commands of § 26 to proceed against the vehicle as there directed "; and on that assumption the arguments have been largely directed to the question whether, whenever an officer discovers a person in the act of transporting intoxicating liquor in a vehicle, the provisions of § 26 become mandatory in such sense as to furnish the exclusive remedy for the forfeiture

of the vehicle.[4]   But, since it appears that the officer in fact seized the vehicle and arrested Campbell, who was in fact proceeded against under the Prohibition Act, the question of the officer's duty to proceed under §26 is not here involved.

In this case Campbell was prosecuted both for the unlawful possession and the unlawful transportation of the intoxicating liquors.   These are made criminal offenses by § 3 of Title II of the Prohibition Act, and are punishable under § 29 of that Title.   Sec. 26—although not in itself making either of these acts a criminal offense—provides that when an officer discovers a person in the act of unlawfully transporting intoxicating liquor in a vehicle, he shall seize both the vehicle and the intoxicating liquors "transported or possessed illegally," arrest such person, and proceed against him under the Prohibition Act;  and that if such person is convicted the vehicle shall be disposed of as therein prescribed.

The stipulation in this case, read in the light of the evidence, shows that the unlawful possession for which Campbell was prosecuted, and of which he pleaded guilty, was not a separate possession antecedent to and independent of the transportation—which would not have entailed a forfeiture of the car under § 26—but was the possession involved in and incidental to the transportation itself, that is, the "possession in transportation" referred to in *United States* v. *One Ford Coupe, supra,* 334.

Campbell's conviction on the charge of such possession, following his arrest when discovered in the act of transportation, required, we think, a disposition of the car under the provisions of § 26.   That section, read in its entirety, governs the disposition of the car where the

---

[4] This question was not involved in *United States* v. *One Ford Coupe, supra,* 334, in which it did not appear that any person had been discovered in the act of transporting intoxicating liquor in the car.

person in charge of the vehicle is convicted of the unlawful possession incidental to the transportation, as well as where he is convicted of the unlawful transportation itself. Therefore, under the doctrine of the *Port Gardner Co.* case, the disposition of the car under § 26 becoming mandatory after Campbell's conviction " and being inconsistent with the disposition under § 3450, necessarily precluded resort to a proceeding under the latter section."

This renders it unnecessary to consider whether, if Campbell had not been convicted of the unlawful possession, the Government's voluntary dismissal of the charge of unlawful transportation, before trial, would likewise have precluded a resort to § 3450.

The decree of the Circuit Court of Appeals is reversed; and the cause will be remanded to the District Court with instructions to dismiss the libel.

*Reversed.*

Mr. Justice Stone did not sit in this case.