**UNITED STATES v. CHEVROLET TRUCK, MOTOR NO. 3802777.**

**SAME v. CHEVROLET COUPÉ, MOTOR NO. 3633079.**

District Court, E. D. Michigan, S. D. February 23, 1929.

Nos. 9177, 9178.

George S. Fitzgerald, Asst. U. S. Atty., of Detroit, Mich., for the United States.

Dykema, Jones & Wheat, of Detroit, Mich. (Benjamin J. Manley, of Detroit, Mich., of counsel), for libelee.

SIMONS, District Judge. The stipulation of facts in the above causes discloses that the two motor vehicles sought to be condemned each contained assorted liquor upon which no tax had been paid, each car was abandoned by the driver upon the approach of officers, and in neither case was there an arrest or prosecution. The question presented in the two cases is identical. Is the government to be permitted to forfeit the vehicles in which nontax-paid liquor was being transported, under the provisions of section 3450 of the Revised Statutes (26 USCA § 1182)?

Prior to the decision of the United States Supreme Court, in U. S. v. One Ford Coupé Automobile, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025, it was thought in this circuit, and in some other circuits, that section 3450 of the Revised Statutes was repealed by section 26 of the National Prohibition Act (27 USCA § 40). The Ford Coupé Case, supra, decided the contrary. Subsequently, in Port Gardner Co. v. U. S., 272 U. S. 564, 47 S. Ct. 165, 71 L. Ed. 412, the Supreme Court held that, after conviction or a plea of guilty in a prosecution under the National Prohibition Law, it became mandatory for the government to proceed under section 26 of the latter statute to libel the vehicle, and such disposition, being inconsistent with the disposition under section 3450, necessarily precluded resort to proceedings under the latter section. Following the Port Gardner Case, in Commercial Credit Co. v. U. S., 276 U. S. 226, 48 S. Ct. 232, 72 L. Ed. 541, the Supreme Court again held that a conviction on the charge of unlawfully possessing liquor following an arrest and discovery in the act of transportation, required a disposition of the car under the provisions of section 26. The court, however, expressly left open the question as to whether the absence of a conviction would likewise preclude

a resort to section 3450. Upon the precise question in the instant cases involved, there is not, so far as I am aware, any holding of the Supreme Court.

In Commercial Credit Co. v. U. S., 5 F.(2d) 1, the Circuit Court of Appeals for the Sixth Circuit had before it, not only the question as to whether section 26 repealed by implication section 3450, but also the question as to whether mere transportation by a later owner constitutes such removal as is condemned by section 3450. In determining this question, the court considered that the proper test to apply in order to arrive at a correct solution was to determine, first, whether such transportation, if it had been before the passage of the National Prohibition Act, would have been the "removal" which section 3450 denounces. While the court gave expression to its own views upon this subject, and inclined to the opinion that mere transportation by a later owner is not the "removal" denounced by section 3450, yet, in the light of the holding of the Supreme Court in Goldsmith, Jr.-Grant Co. v. U. S., 254 U. S. 505, 41 S. Ct. 189, 65 L. Ed. 376, the Circuit Court of Appeals felt that it was obligatory upon it to follow the interpretation in that case to its full apparent extent, and that, doing so, it was required to answer its own question in the affirmative. It, of course, made no application of the doctrine of mandatory obligation to proceed under section 26 in the event that there had been a conviction or plea of guilty under the National Prohibition Act, a doctrine not up to that time announced by the Supreme Court.

The view of the Sixth Circuit Court of Appeals of the constraint put upon it by the Goldsmith-Grant Case, supra, was further elaborated in Cadillac Automobile Motor No. 61–D–476 v. U. S. (C. C. A.) 7 F.(2d) 102, in the following language: "In the Commercial Credit Co. Case we discussed the question whether transportation, in the way incident to ordinary ownership, and by a person who had originally been under no obligation to pay the tax, was the removal or concealment contemplated by section 3450. The reasons involved indicated to us a negative answer; but we felt constrained to a contrary holding because of the holding, sub silentio, in the Goldsmith-Grant Case, 254 U. S. 505, 41 S. Ct. 189, 65 L. Ed. 376. The latter case has no such controlling application to the transportation of a narcotic. * * * We are therefore at liberty to draw, with regard to narcotics, what we think the right infer-

ence as to the meaning of 'removal' and 'concealment' and free of constraint from the Goldsmith-Grant Case."

The Supreme Court, in the Port Gardner Co. Case, supra, and in Commercial Credit Co. v. U. S., supra, having held that, following conviction of the driver of the vehicle under the National Prohibition Law, the disposition of the car under paragraph 26 becomes mandatory after conviction, and having left open the question as to whether resort could be had to section 3450 in the event that no conviction was had, the Circuit Courts of Appeals of the Second and Fifth Circuits have held that, after arrest and prosecution, but prior to conviction, section 26 was equally mandatory upon the government to proceed to forfeiture under its terms, and that in such situation no resort could be had to section 3450. Commercial Credit Co. v. U. S. (C. C. A.) 18 F.(2d) 927; U. S. v. General Motors Acceptance Corporation (C. C. A.) 25 F.(2d) 238.

The instant cases, however, present a situation where there was no prosecution, prosecution not being instituted because no one was apprehended or arrested, and under these circumstances no forfeiture under section 26 could be had. As I understand the situation, while this is not a question of election of remedies, yet, where an arrest has been made under the Prohibition Law, it becomes the duty of the government to prosecute under that law, and, prosecuting under the Prohibition Law as an incident to the proceedings thereunder, it becomes mandatory to forfeit the car under section 26; that this duty is incidental to, and follows as a matter of course, arrest and prosecution. Can it be said, however, that, when there is and can be no prosecution because there has been no arrest, that a duty imposed upon the officers as a necessary incident to prosecution still devolves upon them, when from the circumstances of the case it is obvious that the pursuit of such duty would be futile? I think the answer is in the negative.

Whatever may be the views of the Circuit Court of Appeals of this circuit, and whatever may be the view of this court in respect to the inferences that may be drawn from the presence of nontax-paid liquor in a motor vehicle, the constraint that the Goldsmith-Grant Case put upon that court must certainly be operative upon this, recognized and construed as it is by the Circuit Court of Appeals in the Commercial Credit Co. Case, supra, and in the Cadillac Automobile Motor No. 61–D–476 Case, supra.

It follows, from this discussion, that the motions to dismiss the libels must be denied, and orders of forfeiture entered as prayed for.