## RICHBOURG MOTOR CO. v. UNITED STATES.

Circuit Court of Appeals, Fourth Circuit.
July 22, 1929.

No. 2808.

R. R. Williams and Charles G. Lee, Jr., both of Asheville, N. C., for appellant.

Thomas J. Harkins, U. S. Atty., and Thomas A. McCoy, Asst. U. S. Atty., both of Asheville, N. C., for appellee.

Before PARKER and NORTHCOTT, Circuit Judges, and SOPER, District Judge.

PER CURIAM. This is a proceeding for the forfeiture of an automobile under section 3450 of the Revised Statutes (26 USCA §§ 1181, 1182). On February 22, 1927, the automobile in question was being operated by a Mrs. Bryson, who, with two companions, was driving therein. A prohibition enforcement officer stopped them, and, upon searching the car, found more than 12 gallons of whisky. He thereupon took the car into his possession and arrested the occupants, who were bound over to court by a United States commissioner on a charge of violating the National Prohibition Act (27 USCA). The United States attorney, however, did not proceed under the National Prohibition Act, but sent a bill of indictment against the occupants of the car under section 3296 of the Revised Statutes (26 USCA § 404), and filed a libel against the car itself under section 3450. An intervening petition claiming the car was filed by the Richbourg Motor Company, the innocent holder of an unsatisfied purchase-money lien thereon, but the District Judge ordered it forfeited, and the motor company has appealed.

We think that the decree of forfeiture was clearly correct. U. S. v. One Ford Coupé, 272 U. S. 321, 331, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025; U. S. v. Commercial Credit Co. (C. C. A. 4th) 20 F.(2d) 519; General Motors Acceptance Corporation v. U. S. (C. C. A. 4th) 23 F.(2d) 799. The case at bar differs from the cases of Port Gardner Investment Co. v. U. S., 272 U. S. 564, 47 S. Ct. 165, 71 L. Ed. 412, and Commercial Credit Co. v. U. S., 276 U. S. 226, 48 S. Ct. 232, 72 L. Ed. 541, in that in those cases the persons in the automobiles which were proceeded against were prosecuted and convicted under the National Prohibition Act, and it was held that this precluded the government from resorting to proceedings under section 3450 against the automobiles. Here the United States attorney has elected to proceed against the occupants of the car, as well as against the car itself, under the revenue statutes.

The case differs from that of Commercial Credit Corporation v. U. S., 18 F.(2d) 927, a decision of the Circuit Court of Appeals of the Second Circuit, in that there the United States attorney had elected to proceed against

the occupants of the car under the National Prohibition Act by filing an information against them charging violation of that act. Without passing upon the question involved in that case, we are satisfied that in a case such as this, where there has been no election to prosecute the guilty parties under the National Prohibition Act, the government may proceed under section 3450 of the Revised Statutes, and that against such ·proceeding the rights of an innocent lien claimant will not avail. We have discussed this matter at length in U. S. v. Commercial Credit Co., supra, 20 F.(2d) 519, and we need not repeat what we said there. The decree of the District Court will accordingly be affirmed.

Affirmed.