## DAVIES MOTORS, Inc., v. UNITED STATES et al.

Circuit Court of Appeals, Ninth Circuit. November 12, 1929.

No. 5889.

Young & Young and De Forrest Home, all of Los Angeles, Cal., for appellant.

Samuel W. McNabb, U. S. Atty., and Harry Graham Balter and Emmett E. Doherty, Asst. U. S. Attys., all of Los Angeles, Cal., for the United States.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

WILBUR, Circuit Judge. The intervener and appellant sold the Willys-Knight roadster automobile, respondent herein, to one Hans P. Mortensen by a conditional sales contract under which it retained ownership of the automobile. At the time the automobile was seized by a government prohibition agent, September 27, 1928, the balance due on the purchase price was $896.

The district attorney filed a libel under section 3450, Rev. St. (26 USCA § 1181), alleging that at the time the automobile was seized it contained 12 pint bottles of intoxicating liquor, which had been concealed therein with the intent to defraud the United States government of the taxes due thereon. The sole question presented by the appeal is whether or not, under the facts stipulated by the parties and found by the trial court, the rights of the intervener are forfeited under section 3450, or whether, being innocent of all complicity in the wrongful acts of Mortensen, it can invoke the provisions of section 26 of title 2 of the National Prohibition Act (27 USCA § 40).

It appears from the stipulation that, at the time the automobile was seized by Paul L. Mathias, prohibition agent, he had stationed himself in the rear of the Sequoia Hotel in Fresno, and saw Mortensen remove five pints of whisky from the respondent automobile. It is stipulated that the prohibition agent would testify that, when he arrived at the rear of the hotel to make the seizure, the Willys-Knight automobile was standing still, and at the time the seizure was actually made it was not in motion, and that Mortensen would testify that on the night in question, just prior to the seizure, he drove up to the back of the Sequoia Hotel in the respondent automobile in which the liquor was found.

Upon this stipulation the court found that at the time of the arrest the respondent vehicle was being used by Mortensen for the purpose of transporting liquor seized therein. On October 3, 1928, the prohibition agent swore out a complaint before the United States commissioner, in which he charged that Hans P. Mortensen did, on the 27th day of September, 1928, "unlawfully possess and transport 12 one-pint bottles of intoxicating liquor." On the 19th of November, 1928, an information was filed, charging the said Hans P. Mortensen with violation of section 3450, Rev. Stat. On the 21st day of November, 1928, Mortensen pleaded guilty to violating the criminal provisions of section 3450 of the Revised Statutes, and was fined $250 for the violation thereof.

The United States Circuit Court of Appeals for the Fourth Circuit has recently rendered an opinion under a similar state of facts, holding that a forfeiture under section 3450, Rev. St., was proper. In that case the facts were more favorable to the intervener than in this case, for the reason that there the prohibition officer stopped the offending automobile, which was being operated along the highway, and upon searching the car

found "12 gallons of whisky." In that case the court said:

"An intervening petition claiming the car was filed by the Richbourg Motor Company, the innocent holder of an unsatisfied purchase-money lien thereon, but the District Judge ordered it forfeited, and the motor company has appealed. We think that the decree of forfeiture was clearly correct. U. S. v. One Ford Coupé, 272 U. S. 321, 331, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025; U. S. v. Commercial Credit Co. (C. C. A. 4th) 20 F.(2d) 519; General Motors Acceptance Corporation v. U. S. (C. C. A. 4th) 23 F. (2d) 799. The case at bar differs from the cases of Port Gardner Investment Co. v. U. S., 272 U. S. 564, 47 S. Ct. 165, 71 L. Ed. 412, and Commercial Credit Co. v. U. S., 276 U. S. 226, 48 S. Ct. 232, 72 L. Ed. 541, in that in those cases the persons in the automobiles which were proceeded against were prosecuted and convicted under the National Prohibition Act, and it was held that this precluded the government from resorting to proceedings under section 3450 against the automobiles. Here the United States attorney has elected to proceed against the occupants of the car, as well as against the car itself, under the revenue statutes." Richbourg Motor Co. v. U. S., 34 F.(2d) 38.

In so deciding that court followed its previous decision [United States v. Commercial Credit Co., 20 F.(2d) 519], where it dealt with the subject at length, and also its decision in the case of Gen. Motors Acceptance Corp. v. U. S., 23 F.(2d) 799, 800, decided January 10, 1928, where it stated the rule by which it had been guided in these cases, as follows: "This court has held that an automobile may be seized for violation of section 3450, Revised Statutes, and proceeded against under section 26 of title 2 of the National Prohibition Act, or vice versa, and that the report or action of the seizing officers does not bind the government to an election as to which section may be used in the forfeiture proceeding."

The Circuit Court of Appeals of the Fifth Circuit, however, in United States v. Gen. Motors Acceptance Corp., 25 F.(2d) 238, 239, reached the opposite conclusion, as shown by the following quotation from its opinion therein: " * * * Assuming that it is possible to prove that one who uses a vehicle in the removal or for the deposit or concealment of untax-paid liquor has the necessary intent under section 3450 to defraud the United States of a tax which existing law neither requires nor permits to be paid, it is nevertheless true that, if a person be caught in the act of unlawfully transport-

ing liquor in a vehicle, there is no authority of law to proceed under section 3450, either to prosecute the person or to forfeit the vehicle."

In reaching its conclusion that court considered the recent decisions by the Supreme Court bearing upon that question including those above cited, and also the later opinion in Commercial Credit Co. v. U. S., 276 U. S. 226, 48 S. Ct. 232, 72 L. Ed. 541, but said: "In our opinion the proceedings taken after the arrest and seizure are immaterial, as it was the duty of the government under * * * section 26 to prosecute him for unlawful possession or transportation."

The above decision, by the Circuit Court of Appeals for the Fifth Circuit, may be distinguished from the facts in the case before us, for the reason that in the case at bar, although as a matter of fact the automobile was being used for the transportation of liquor, there is no evidence that the prohibition agent witnessed the transportation, and it is stipulated in effect that he would testify that he did not. We are disposed to follow the decisions and the line of reasoning of the Circuit Court of Appeals of the Fourth Circuit above quoted. The Supreme Court has held that, after conviction for violation of section 26 of title 2 of the National Prohibition Act, the offending vehicle cannot be libeled under section 3450. Commercial Credit Co. v. U. S., supra. It seems clear to us that, notwithstanding section 26 of title 2 of the National Prohibition Law provides that the arresting officer shall proceed thereunder to prosecute the offender and to forfeit the offending vehicle, this provision must be construed with relation to the duties of the United States attorney upon the presentation of the matter to him by the arresting officer.

It is the duty of the United States attorney to enforce all the criminal laws (Rev. St. § 771 [28 USCA § 485]), and where there are two criminal laws apparently violated at the same time, or by substantially the same act, he must determine whether he will prosecute either or both, and that determination must be based in a measure on his judgment as to the probable results of the prosecution. A judge in a civil action may unhesitatingly decide the facts to be that the vehicle in question was engaged in transporting liquor in violation of the National Prohibition Act, but in a criminal prosecution that fact must be established beyond a reasonable doubt in the minds of each of 12 jurors, and where the evidence is circumstantial the circumstances shown to the jury must be inconsistent with every reasonable

hypothesis other than that of guilt. The prohibition officer may testify that the automobile in question was in motion at the time of the arrest, but the United States attorney is not required to accept his statement, and the jury may entirely disregard his sworn testimony to that effect. Regardless of the assertions of those who bring the facts to the attention of the United States attorney, he must determine what facts, in his judgment, he can establish before a jury in a criminal case, and his action should be in accordance with that determination.

We see no reason for holding that the United States attorney is bound to proceed under section 26, because the officer who seizes the automobile and makes the arrest asserts the fact to be that the automobile was actually in motion at the time of the arrest or immediately prior thereto, and that the transportation of intoxicating liquor in the automobile was observed by him. Experience may demonstrate to the United States attorney that a conviction on the evidence could not be obtained. If the United States attorney can properly proceed under the facts brought to his attention under either section 26 of title 2 of the National Prohibition law or under section 3450 of the Revised Statutes, the mere fact that section 26 of title 2 of the National Prohibition Act provides that the arresting officer "shall at once proceed against the person arrested under the provisions of this title," does not make it the duty of the United States attorney to proceed under section 26. The officer making the arrest can only proceed by and through the United States attorney, and when he has brought the facts to the United States attorney that officer must determine the course that shall be thereafter pursued. By section 3450 it is provided that, if the vehicle was used for the concealing of liquor with intent to defraud the United States of the tax thereon, it shall be forfeited to the United States.

Section 838 of the Revised Statutes (19 Stat. 241, 28 USCA § 486) provides that: "It shall be the duty of every district attorney to whom any collector of customs, or of internal revenue, shall report, according to law, any case in which any fine, penalty, or forfeiture, has been incurred in the district of such attorney for the violation of any law of the United States relating to the revenue, to cause the proper proceedings * * * to be forfeitures in such case provided, unless, upon inquiry and examination, he shall decide that such proceedings cannot probably be sustained, or that the ends of public justice do not require that such proceedings should be instituted; in which case he shall report the facts in customs cases to the Secretary of the Treasury, and in internal revenue cases to the Commissioner of Internal Revenue for their direction."

It is as much the duty of the district attorney to proceed under this law as it is under the National Prohibition Act. He must determine the proper course to pursue. As was said by the Supreme Court of the United States in Confiscation Cases, 7 Wall. (74 U. S.) 454, 457, 19 L. Ed. 196:

"Public prosecutions, until they come before the court to which they are returnable, are within the exclusive direction of the district attorney, and even after they are entered in court, they are so far under his control that he may enter a nolle prosequi at any time before the jury is empanelled for the trial of the case, except in cases where it is otherwise provided in some act of Congress. * * * Settled rule is that those courts will not recognize any suit, civil or criminal, as regularly before them, if prosecuted in the name and for the benefit of the United States, unless the same is represented by the district attorney, or some one designated by him to attend to such business, in his absence, as may appertain to the duties of his office."

Judgment affirmed.