UNITED STATES v. ONE WHIPPET SEDAN AUTOMOBILE et al.

SAME v. WILLIAMS FINANCE CO.

No. 4286.

Circuit Court of Appeals, Seventh Circuit.

June 4, 1930.

9

George L. Rulison, of South Bend, Ind., for the United States.

D. E. Hoopingarner, of Chicago, Ill., for appellee.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

ALSCHULER, Circuit Judge.

The question is whether the government was justified in proceeding for the for-feiture of the car under section 3450, Rev. St. (26 USCA §§ 1181, 1182), whereunder lienors are not protected, or whether it should have proceeded under section 26, title 2, of the National Prohibition Act (27 USCA § 40), which does protect the rights of innocent lienors. The District Court found against the government's contention of right to proceed under section 3450.

To avert the application of Port Gardner Investment Co. v. United States, 272 U. S. 564, 47 S. Ct. 165, 71 L. Ed. 412, and Commercial Credit Co. v. United States, 276 U. S. 226, 48 S. Ct. 232, 72 L. Ed. 541, to the effect that, where an offender whose automobile was seized was prosecuted and convicted under the National Prohibition Act, forfeiture of the automobile under section 3450 was barred, the government contends that the prosecution and conviction of Gladieux was for the possession of liquor at his home, and had no relation to that found in the automobile, and that there was no prosecution or conviction of the man on account of the liquor which was found in the automobile.

There was a dispute in the evidence as to whether the officers had informed the offender, before he pleaded guilty, that the prosecution was only for the possession of liquor at the home, and did not include that found in the automobile; and, indeed, the government complains of the action of the court in ruling out certain evidence offered by the government, bearing on that proposition.

But the very recently decided case of Richbourg Motor Co. et al. v. United States, 50 S. Ct. 385, 387, 74 L. Ed. 1016, May 19, 1930, makes irrelevant all such contentions. The automobiles there in question contained contraband liquor but, instead of there being a prosecution of the automobile owner under the National Prohibition Act, the entire proceeding, after seizure of the car—both for prosecution of the offender and forfeiture of his car—was under the Revenue Act for attempting to defraud the government of its tax on the liquor. Interveners sought protection of their liens, contending that forfeiture under section 3450 was not permissible. The District and Circuit Courts of Appeals [34 F. (2d) 38; 35 F.(2d) 928] denied this contention, holding section 3450 to be applicable.

The Supreme Court's reversing opinion thus states the proposition involved: "These cases [those above cited] left undetermined the question now presented, whether, under title 2, § 26, the mere arrest of the person discovered in the act of transportation, and the seizure of the transporting vehicle, bar

498

the forfeiture under section 3450 (26 USCA § 1181)."

In the course of its full discussion of the question the court said: "We think that Congress did not take the precaution to enact the carefully chosen language of section 26 merely to impose general duties on prosecuting officers already placed on them by other sections of the act, but that its purpose was to preclude the nullification of the protection which section 26 had extended to innocent third persons."

And in the concluding paragraph stated: "We are of opinion that under title 2, § 26 (27 USCA § 40), it is the duty of prohibition officers to arrest any person discovered in the act of transportation and to seize the transporting vehicle; that such arrest and seizure require the government to proceed for forfeiture of the vehicle under title 2, § 26."

Here the prohibition officers, taking this man and automobile transporting liquor, arrested him, seized the automobile, then proceeded to deal with the man under the Prohibition Act, and the automobile under the Revenue Act—a course which, in any event as to the automobile, is in the very teeth of the decision in the Richbourg Case, which is so clearly applicable here that further elaboration would be superfluous.

The order of the District Court is affirmed.