RANEY CLINE MOTOR COMPANY v. MRS. W. D. RASH.

(Filed 6 June, 1930.)

**1. Intoxicating Liquor F a—Innocent lienors are protected by the Federal Statute where car transporting intoxicants is seized and sold.**

The provisions of the Internal Revenue Act relating to the seizure and sale of property used in transporting intoxicating liquor on which the tax had not been paid is superseded by the mandatory provisions of section 26 of the National Prohibition Law, prescribing that the liens of innocent lienors attach to the proceeds of the sale of the property sold under the seizure in accordance with the priority of like liens after the expenses of storing the property, fee for the seizure and the costs of the sale are retained.

**2. Same—In this case held: vendor under conditional sale contract was entitled to possession of property for sale under the contract.**

In this case *held:* the vendor of an automobile under a title retaining contract of sale was entitled to possession of the automobile for the purpose of selling it under the terms of the contract as against his vendee who had repurchased the car after its seizure and sale under the provisions of the Federal Internal Revenue Act.

APPEAL by defendant from *Stack, J.,* at November Term, 1929, of ROWAN. Affirmed.

Action for the possession of an automobile under a conditional sales contract, heard on an agreed statement of facts in substance as follows:

1. On 4 August, 1928, the defendant purchased from the plaintiff a Chevrolet roadster and executed a conditional sales contract on the car to secure the payment of $420 in twelve monthly installments of $35.

2. The defendant made default, leaving due the plaintiff $280 with interest from 4 January, 1929.

3. After the registration of the conditional sales contract the car was seized by the Prohibition Division of the United States Government while in use for removing and concealing illicit whiskey in violation of section 3296 of the Internal Revenue Act, and was thereafter libelled and sold under section 3450. When seized the car was in the possession of and operated by one Roosevelt Taylor without the defendant's consent. At the trial in the District Court of the United States for the Middle District of North Carolina the plaintiff did not interplead; nor did it interplead when the car was sold under the order of condemnation.

4. The plaintiff and the defendant were present at the sale and the defendant became the highest bidder for the car at $296, and the Government of the United States executed to her a bill of sale for it and the State of North Carolina executed to her a certificate of title. When

the car was seized by the prohibition officers the defendant owned it and held a certificate of title from the State, showing a lien to the plaintiff.

5. The conditional sales contract was duly registered in the office of the register of deeds of Rowan County. It has not been canceled, and the defendant is due the plaintiff on the contract $280 with interest from 4 January, 1929.

6. The order of condemnation recites the seizure not only of the car, but of 55 gallons of illicit whiskey, removed and concealed, on which the tax had not been paid; the issuance of a warrant of arrest according to the prayer of the libel; the seizure of the car, and the absence of an answer or interplea. It was adjudged that the car be condemned and forfeited to the United States; that it be sold by the marshal; that the storage be paid from the appropriation set apart for that purpose; and that the proceeds of the sale be deposited with the Treasurer of the United States.

Upon the agreed facts Judge Stack adjudged that the defendant is indebted to the plaintiff in the sum of $280 with interest from 4 January, 1929, and that the plaintiff is entitled to the possession of the car for the purpose of selling it under the terms of the contract. The defendant excepted and appealed from the judgment.

*John C. Busby, W. T. Shuford and R. C. Jennings for appellant.*
*Hudson & Hudson for appellee.*

ADAMS, J. The defendant bought from the plaintiff a Chevrolet roadster and secured the purchase price by a conditional sales contract, duly registered, on which there is due the plaintiff $280, with interest from January, 1929. The plaintiff is therefore entitled to the possession of the car for the purpose of selling it unless the title retained by the plaintiff was annulled by the proceedings in the District Court of the United States for the Middle District of North Carolina.

In determining whether the car was forfeited we must bear in mind the following facts: (1) The Federal Prohibition Administrator for the Eighth Prohibition Division seized the car and fifty-five gallons of whiskey on which a tax was due and payable under section 600 of the Revenue Act of 1921 (42 Stat., 285; U. S., Compiled Sts., Cum. Sup., 1925, sec. 5986 e); (2) the untaxed whiskey was removed and concealed in violation of the Internal Revenue Law (R. S., sec. 3450; U. S. Compiled Sts., sec. 6352); (3) it is alleged by the defendant and admitted by the plaintiff that the car was engaged in the transportation of illicit whiskey on which the tax had not been paid.

Roosevelt Taylor, who had possession of the car and was transporting the liquor, was arrested (and afterwards prosecuted) and the car was

seized, as we interpret the record, under section 26 of the National Prohibition Act. 41 Stat., 315; U. S. Compiled Sts., 10138½ mm. The proceedings in the District Court were prosecuted under the provisions of the Internal Revenue Act. R. S., 3450, *supra;* U. S. Comp. Sts., 6352, *supra.* This section does not protect the interests of innocent lienors. *Goldsmith Grant Co. v. United States,* 254 U. S., 505, 65 Law Ed., 376. Section 26 of the National Prohibition Act, *supra,* does protect such interests. It provides that when the commissioner or any of his assistants shall discover any person in the act of transporting intoxicating liquor, in violation of law, in an automobile or other vehicle it shall be his duty to seize the liquor, to take possession of the vehicle, and to arrest the person in charge of it. Upon conviction of the offender the liquor shall be destroyed and the vehicle sold. The proceeds of the sale shall be applied to the expenses of keeping the property, the fee for the seizure, the cost of the sale, and the payment of all liens according to their priorities; and all liens shall be transferred from the property to the proceeds of the sale.

The question for decision is whether proceedings for the forfeiture of an automobile seized under section 26 of the National Prohibition Act, as one used for the unlawful transportation of intoxicating liquor, may be prosecuted under the Internal Revenue Act. R. S., 3450, *supra;* U. S. Compiled Sts., 6352, *supra.* A negative answer is given in a decision of the Supreme Court of the United States announced 19 May, 1930. *Richbourg Motor Co. v. United States; Davies Motors, Inc., v. United States.* In the opinion in these two cases the Court said: "By paragraph 5 of the Willis-Campbell Act of 23 November, 1921, ch. 134, 42 Stat., 222, 223, all laws relating to the manufacture, taxation and traffic in intoxicating liquors and penalties for their violation, in force when the National Prohibition Act was adopted, were continued in force except such provisions as are 'directly in conflict with any provision of the National Prohibition Act.' In *United States v. One Ford Coupe,* 272 U. S., 321, it was held that there was no such direct conflict between paragraph 26 and paragraph 3450 as to preclude the forfeiture of the interest of an innocent lienor under the latter, where the intoxicating liquor was concealed in the seized vehicle with intent to defraud the government of the tax, and where it did not appear that there was transportation of the liquor. In *Port Gardner Investment Co. v. United States,* 272 U. S., 564, and in *Commercial Credit Co. v. United States,* 276 U. S., 226, it was held that prosecution and conviction of the offender for the transportation of intoxicating liquor under the Prohibition Act barred forfeiture of the seized vehicle under paragraph 3450, since the disposition of the vehicle after the conviction, prescribed by section 26, is mandatory. These cases left undetermined the question

26—198

now presented, whether, under section 26, the mere arrest of the person discovered in the act of transportation, and the seizure of the transporting vehicle, bar the forfeiture under section 3450." After saying that the language of section 26 is in form mandatory throughout, the Court reached this conclusion: "It is plain that, whenever the vehicle seized by the arresting officer is discovered in use in the prohibited transportation, literal compliance with these requirements would compel the forfeiture under section 26, with the consequent protection of the interests of innocent lienors. To that extent section 26, if interpreted to exact such compliance, is in direct conflict with the forfeiture provisions of section 3450, and supersedes them whenever any person within the provisions of section 26 is discovered 'in the act of transporting intoxicating liquors in any vehicle' which liquor is 'removed, deposited, or concealed with intent to defraud the United States' of the tax."

The result is that the proceedings under section 3450 did not, under the facts of this case, interfere with the interests of the plaintiff as an innocent lienor of the property. The judgment is

Affirmed.