## MIDLAND ACCEPTANCE CORPORATION v. UNITED STATES (two cases),

### Nos. 5661, 5662.

Circuit Court of Appeals, Sixth Circuit.

Feb. 9, 1931.

'W. R. Collins, of Cincinnati, Ohio, for appellant.

Robert Houston French, of Cincinnati, Ohio (Haveth E. Mau and Harry A. Abrams, both of Cincinnati, Ohio, on the brief), for the United States.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

PER CURIAM.

In each of the above-entitled appeals the United States had libeled, in the District Court, the automobile referred to in the caption, basing such libel upon section 3450 of the Revised Statutes (26 USCA §§ 1181, 1182). The prayers of the respective libels were granted, the automobiles forfeited, and the right of the appellant to satisfaction of its mortgage liens from the proceeds of sale was thus denied. The power and right of the United States to prosecute and maintain its libels under section 3450, under the particular circumstances of the two cases, and thus defeat the interest of the mortgagee, is the only question presented, and the appeals were accordingly consolidated for hearing.

In appeal No. 5661 the automobile was found standing in front of 26 East Court street in the city of Cincinnati at about 3 o'clock in the afternoon, with 108 pints of whisky and 8 quarts of gin concealed within it. There was no evidence whether it had just completed a journey of transportation or whether the intoxicating liquor had been just loaded into the automobile where it was found and in anticipation of transportation to follow. No one was in charge of the automobile, although it was subsequently learned that the same belonged to one Mary Santoro.

In No. 5662 the Marmon sedan automoblie was found in a garage at 1140 Sycamore street in the city of Cincinnati. It likewise concealed a large quantity of intoxicating liquor and was unattended; and there was no evidence by whom the car had been driven into the garage, or whether it had been used to transport the liquor to that location or was loaded at that point in contemplation of a journey to follow.

The sole contention of the appellant is that, since the decision of the Supreme Court in the case of Richbourg Motor Co. v.

U. S., 281 U. S. 528, 50 S. Ct. 385, 74 L. Ed. 1016, it is no longer permissible to forfeit an automobile under Rev. St. § 3450, but proceedings to forfeit such vehicle must be taken under section 26 of title 2 of the National Prohibition Act (27 USCA § 40). The conclusion is unsupported by the authority cited. It is true that the Supreme Court there says (page 536 of 281 U. S., 50 S. Ct. 385, 388), "We are of opinion that under title 2, § 26 (27 USCA § 40), it is the duty of prohibition officers to arrest any person discovered in the act of transportation and to seize the transporting vehicle; that such arrest and seizure require the government to proceed for forfeiture of the vehicle under title 2, § 26;" but the court specifically refrains from overruling United States v. One Ford Coupé, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025, and, on the contrary, refers to that case as establishing a doctrine still in force. Obviously the doctrine of the Richbourg Case can have no application unless a person is discovered in the act of transportation. The vehicle can be forfeited under the National Prohibition Act only if used in such transportation, and where, as here, it is to say the least extremely doubtful whether a case of transportation could be made out, we have recently held that it is permissible for the government to proceed under section 3450. General Motors Acceptance Corp. v. U. S. (C. C. A.) 40 F. (2d) 599. Compare U. S. v. One Chevrolet Automobile, 41 F.(2d) 782 (D. C., Okl.) and U. S. v. One Mack Truck, 41 F.(2d) 849 (D. C., Pa.), both decided since the decision of Richbourg Motor Co. v. U. S., supra.

Error in the judgment and proceedings of the District Court not being made to appear, said judgments of forfeiture are affirmed.