## M. & M. SECURITIES CO. v. HARNEY.

No. 9233.

Circuit Court of Appeals, Eighth Circuit.

May 5, 1932.

Allen V. Junkin, of St. Paul, Minn., for appellant.

Lewis L. Drill, U. S. Atty., of St. Paul, Minn., for appellee.

Before STONE and BOOTH, Circuit Judges, and WYMAN, District Judge.

WYMAN, District Judge.

This suit was instituted in the District Court of the United States for the District of Minnesota, by the appellant, M. & M. Securities Company, as plaintiff, against M. L. Harney, appellee, as defendant, for the possession of a certain automobile described as one Chrysler coach. The complaint, in substance, alleges that the plaintiff is a Delaware corporation, authorized to do business in the state of Minnesota; that defendant, Harney, is Acting Prohibition Administrator for the Eighth District; that plaintiff is the legal owner of a certain conditional sales contract covering the automobile in suit, and under which contract there remains due and unpaid the sum of $825; that default has been made in the payment provided therein; that plaintiff is, pursuant to the terms of said contract, the owner of said automobile and entitled to its possession; that on September 10,

1930, one Charlevoix was arrested for an alleged violation of the National Prohibition Act, and the automobile in question taken from his possession by defendant; that the reasonable value of said automobile is $825; that the same was sold in good faith and without knowledge that it would be used for transportation of liquor; that plaintiff became the owner of the conditional sales contract and the indebtedness represented by it in good faith and without notice that said automobile was being used or was to be used for unlawful purposes; that there is no object or purpose in the forfeiture or sale of said automobile for the reason that the plaintiff's lien is greater than the reasonable market value of the same; that plaintiff has no adequate remedy at law because forfeiture proceedings cannot be had for a long time, and the market value of the automobile is rapidly decreasing and the storage charges thereon rapidly increasing; and prays judgment against the defendant awarding plaintiff immediate possession of said automobile.

Upon the filing of the bill of complaint the court entered an ex parte order upon application of plaintiff requiring the surrender of the automobile in suit to plaintiff pending the outcome of the proceeding upon payment of the storage charges to date, and upon the filing of a bond conditioned:

"That if said motor vehicle be declared forfeited to the use of the government, and if it be determined that plaintiff has no lien thereon, plaintiff shall pay the government the actual market value of said motor vehicle as of the date said motor vehicle is surrendered to it; or if it be determined that plaintiff has a valid lien thereon but that such lien does not equal or exceed the said market value of said motor vehicle with storage costs and expenses of sale, then plaintiff shall pay the difference between the amount of such lien and storage costs and expenses of sale and the said market value to the government;

"Conditioned: however, that if it be determined that plaintiff has a valid lien upon said motor vehicle, which with storage costs and expenses of sale is equal to or greater than the said market value of said motor vehicle, then this obligation shall be void."

Thereafter defendant answered alleging: (1) That the court had no jurisdiction of the person or subject-matter of the action; (2) that the bill of complaint does not contain any allegations showing grounds for equitable relief; (3) that the complaint does not set forth sufficient facts to constitute a cause of action; (4) that there is a defect of parties defendant; (5) that the automobile was seized while being used in the act of transportation of intoxicating liquor in violation of the National Prohibition Act, and was being held by virtue of that seizure, and that the driver of said automobile was awaiting trial for said offense. Defendant's answer was evidently, by agreement of all parties, regarded as a demurrer, and upon the hearing the court dismissed the bill of complaint for lack of jurisdiction, and from the order thus made the plaintiff, M. & M. Securities Company, appeals to this court.

It is conceded by appellant that appellee is not an officer of the court, and it is also conceded that in taking possession of the automobile in suit he acted under section 40, title 27, USCA, which reads as follows: "§ 40. Unlawful transportation of liquor; seizure and destruction of liquor and sale of vehicle. When the commissioner, his assistants, inspectors, or any officer of the law shall discover any person in the act of transporting in violation of the law, intoxicating liquors in any wagon, buggy, automobile, water or air craft, or other vehicle, it shall be his duty to seize any and all intoxicating liquors found therein being transported contrary to law. Whenever intoxicating liquors transported or possessed illegally shall be seized by an officer he shall take possession of the vehicle and team or automobile, boat, air or water craft, or any other conveyance, and shall arrest any person in charge thereof. Such officer shall at once proceed against the person arrested under the provisions of this chapter in any court having competent jurisdiction; but the said vehicle or conveyance shall be returned to the owner upon execution by him of a good and valid bond, with sufficient sureties, in a sum double the value of the property, which said bond shall be approved by said officer and shall be conditioned to return said property, to the custody of said officer on the day of trial to abide the judgment of the court. The court upon conviction of the person so arrested shall order the liquor destroyed, and unless good cause to the contrary is shown by the owner, shall order a sale by public auction of the property seized, and the officer making the sale, after deducting the expenses of keeping the property, the fee for the seizure, and the cost of the sale, shall pay all liens, according to their priorities, which are established, by intervention or otherwise at said hearing or in other proceeding brought for said purpose, as being bona fide and as having been created without the lienor having any notice that the carrying vehicle was being used or was to be used for illegal transportation of liquor, and shall pay the bal-

ance of the proceeds into the Treasury of the United States as miscellaneous receipts. All liens against property sold under the provisions of this section shall be transferred from the property to the proceeds of the sale of the property."

There seems to be no contention on the part of appellant that the automobile in suit was wrongfully seized or unlawfully detained, but, on the contrary, it is alleged in the bill of complaint: "That on September 10, 1930, at Minneapolis, Minnesota, defendant, or one of his agents, arrested one George Charleboix, and charged him with violation of the National Prohibition Act. That at the same time defendant, or one of his agents, seized said motor vehicle said to be in the possession of said Charleboix at said time for forfeiture under the National Prohibition Act, and that said motor vehicle is in the possession of defendant under such seizure."

Manifestly the suit was instituted upon the theory that appellant, being the owner and holder of a valid lien upon the automobile which was lawfully taken and held by the Prohibition Administrator under authority of the above quoted section of the statute, is entitled to the immediate possession of the automobile because its lien is equal in amount to the market value of the automobile, and the government, therefore, could not benefit in any way from the forfeiture and sale under the statute, and for the further reason that the storage charges and inevitable depreciation of the automobile, pending the time when it could be forfeited and sold under the statute, would seriously impair the security.

Appellant urges three grounds in support of its claim that the District Court erred in dismissing the bill of complaint for lack of jurisdiction, viz.: (1) That section 40, title 27, USCA, does not contemplate intervention as an exclusive remedy; (2) that it is the universal practice in intervention proceedings to forestall a useless sale and order the car restored to the claimant under the circumstances obtaining in this case; (3) that equity has jurisdiction under these circumstances and may adopt the disposition made in similar intervention suits that unless relief is afforded irreparable damage will be suffered.

█ If the remedy which this statute affords to the bona fide lienholder is exclusive, and the procedure therein described is mandatory, then, clearly, the District Court had no jurisdiction to entertain the suit. It is urged by appellant, however, that the language of the statute itself indicates clearly that a bona fide lienholder is not confined to the remedy of intervention in the forfeiture proceedings provided by the statute. That part of the statute upon which appellant relies in this contention reads as follows: "The officer making the sale * * * shall pay all liens, according to their priorities, which are established, by intervention or otherwise at said hearing or in other proceeding brought for said purpose." It is contended that the words "or otherwise" and "or any other proceeding brought for that purpose" recognize, if they do not expressly authorize, such a suit as the one at bar. In our opinion the statute is not susceptible of such a construction. The language is clear and unambiguous and there is no room for doubt as to its meaning. Manifestly the language referred to applies to the establishment of liens as being valid and subsisting incumbrances created and held without knowledge on the part of the lienor of any unlawful use of the automobile, and the most that can be claimed is that the statute authorized the officer making the sale under the forfeiture to pay all liens which are properly established as bona fide and as having been created without knowledge on the part of the lienor that the vehicle was being, or was to be, used for the unlawful transportation of intoxicating liquor. It is true that the language of the statute does not limit the method of establishing the lien to intervention in the forfeiture proceeding, but there is certainly nothing in it which sustains the contention that it in any way purports to clothe the District Court with jurisdiction to entertain a plenary suit by the lienor for the immediate possession of the automobile seized. Appellant has cited no authority in support of his contention in this regard, and we are confident that none can be found.

Appellant next asserts that it is the universal practice in intervention proceedings to forestall a useless sale and order the vehicle restored to the claimant when it appears that the lien was innocently acquired and equals in amount the value of the seized vehicle. The short answer to this argument is that it is wholly irrelevant to the question under consideration. This is not a proceeding in intervention, and the question of the disposition of the seized property upon a hearing in intervention is not in the case. There is no merit to this contention of appellant.

██ Our attention is called to section 41 (3), title 28, USCA, which confers upon District Courts jurisdiction "of all seizures un-

der the laws of the United States upon land or upon waters not within admiralty or maritime jurisdiction," and it is argued that this section of the statute confers jurisdiction upon the District Court to entertain the suit at bar. We cannot agree with this contention. This statute is intended to apply to cases where property has been seized by officers of the United States under a claim of lawful right, and the recovery of the property is sought upon the ground that the taking was wrongful and unlawful. In the case at bar there is no contention that the property was wrongfully seized or is being unlawfully detained. In fact, the contrary seems to be conceded. It should also be noted that the proceeding contemplated by section 41 (3), title 28, USCA, is not a suit in equity but an action at common law to be tried to a jury. The Sarah, 8 Wheat. 391, 5 L. Ed. 644; United States v. Winchester, 99 U. S. 372, 25 L. Ed. 479.

The automobile, possession of which is sought by this proceeding, was admittedly seized and is being held for forfeiture because of its unlawful use in violation of the National Prohibition Act. The forfeiture proceedings set forth in section 26, title 2, of that act (section 40, title 27, USCA), unlike that authorized by section 3450, Rev. St. (26 USCA §§ 1181, 1182), is designed to protect the interests of innocent third parties and extends only to the interest of the person who is convicted of a violation of the statute, or those who, by reason of their knowledge of the illegal use of the vehicle, share, in a sense at least, in his guilt. As the protection thus afforded to an innocent lienor is purely statutory, it follows that in order to avail himself of it he must submit to and comply with the requirements of the statute. The procedure outlined by the statute as to the disposition of property held for forfeiture is undoubtedly mandatory (Richbourg Motor Co. v. United States, 281 U. S. 528, 50 S. Ct. 385, 74 L. Ed. 1016, 73 A. L. R. 1081; Commercial Credit Co. v. United States, 276 U. S. 226, 48 S. Ct. 232, 72 L. Ed. 541; Port Gardner Inv. Co. v. United States, 272 U. S. 564, 47 S. Ct. 165, 71 L. Ed. 412), and the remedy therein provided for the owners and holders of bona fide liens acquired and held without knowledge on their part of the unlawful use of the seized vehicle is, therefore, exclusive. The authorities cited by appellant are not in point and do not sustain its contention.

The District Court was clearly right in dismissing the bill of complaint, and the judgment appealed from is, therefore, affirmed.