586

Circuit Court of Appeals, Sixth Circuit.
May 6, 1932.

D. R. Dills, of New York City (Smith,
Carlock & Poore, of Knoxville, Tenn., and
Dills & Towsley and Berthold Muecke, Jr.,
all of New York City, and H. T. Poore, of
Knoxville, Tenn., on the brief), for appellant.

J. H. Doughty, of Knoxville, Tenn. (W.
J. Carter, of Knoxville, Tenn., on the brief),
for appellee.

Before MOORMAN, HICKS, and
HICKENLOOPER, Circuit Judges.

HICKENLOOPER, Circuit Judge.

A police officer of the city of Knoxville
saw two automobiles parked in a vacant lot
in that city. One of the cars was the Whippet coupé here involved, and the other was
a Hudson roadster. Two men were standing back of the Whippet, and one handed a
can containing intoxicating liquor fit for beverage purposes to the other; the latter placing the can in the Hudson roadster. The recipient of this can later turned out to be one
Lawrence McKinney. As the officer ran to
the place where the cars were located, McKinney jumped into the Hudson roadster
and tried to start the car. The other man
ran away and remained unknown and unapprehended. McKinney was arrested, tried
and convicted under the National Prohibition
Act, and the Hudson roadster was duly forfeited under section 26, title 2 of that act (27
USCA § 40). The Whippet coupé, although
designated before the commissioner as one of
the cars in which McKinney had transported
liquor, was not so described in the indictment,
and was afterwards forfeited under section
3450 of the Revised Statutes (26 USCA §
1181). The right to so forfeit this car presents the sole question here involved.

This question has recently been twice considered by this court, and we are of the opinion that the present case is controlled by
these decisions. General Motors Acceptance
Corporation v. U. S. (C. C. A.) 40 F.(2d)
599; Midland Acceptance Corporation v.
U. S. (C. C. A.) 47 F.(2d) 219. Here, as
in those cases, the apparent operator of the
automobile escaped arrest and prosecution
by flight. It is true that McKinney was arrested and his car forfeited under section 26
on the theory that the liquor was placed in
the car during a momentary pause in a continuous transportation of which the prior
transportation in the Whippet coupé formed

a part (Cf. U. S. v. One Packard Truck, 55 F.(2d) 882 (C. C. A. 2); but we are unable to concur in the contention, based upon the case last cited, that therefore and thereby it became obligatory upon the United States to also proceed with forfeiture of the Whippet coupé under section 26. McKinney's Hudson automobile bore the same relation to the act of transportation as did the Packard truck in the case in the Second circuit, and while the prior transportation in the Whippet coupé may well attach by reference or adoption to the Hudson car, so as to establish the use of the latter in transportation, we do not think that McKinney could be said to have participated in an act of transportation in or by the Whippet, were that transportation alone involved.

The duty imposed by section 26 upon officers of the law is that they shall seize intoxicating liquors being illegally transported and the vehicle thus used, "and shall arrest any person in charge thereof." It is only "upon conviction of the person so arrested" that the court may order the liquor destroyed and the vehicle sold under that section, which is at least a quasi criminal provision to be strictly construed. In the instant case, McKinney can in no sense be regarded as "in charge of" the Whippet coupé, or as the "person arrested," within the intent of the act, upon whose conviction the court might order that car sold. It is evident that the liquor was transported in the Whippet to the place where part of it was transferred to the Hudson, and McKinney having taken charge of the Hudson, it is plainly inferable also that the transportation in the Whippet was performed by someone other than him; probably by the man who escaped. McKinney could not therefore have been convicted of transportation in the Whippet coupé prior to its arrival at the parking lot, and the condition precedent to forfeiture under section 26 of the car here involved could not have been met. The driver of the Whippet having escaped, and it being presumably impossible to convict him of the illegal transportation, forfeiture of the automobile under section 3450, Revised Statutes, was permissible.

Neither do we regard the fact that McKinney was originally charged before the Commissioner with transportation in both the Hudson automobile and the Whippet coupé as preventing forfeiture of the latter under section 3450 when the true situation became apparent, although the contrary decision might have resulted had the offense been so

laid in the indictment. Port Gardner Investment Co. v. U. S., 272 U. S. 564, 47 S. Ct. 165, 71 L. Ed. 412; Commercial Credit Co. v. U. S., 276 U. S. 226, 48 S. Ct. 232, 72 L. Ed. 541; Richbourg Motor Co. v. U. S., 281 U. S. 528, 50 S. Ct. 385, 74 L. Ed. 1016, 73 A. L. R. 1081. This was but an obvious mistake in a preliminary proceeding which was subject to correction when it appeared that McKinney was not directly connected with the prior transportation.

The judgment of the District Court is affirmed.