## UNITED STATES v. ONE 1931 FORD SEDAN AUTOMOBILE.
### No. 4454–H.

District Court, S. D. California, Central Division.

July 8, 1932.

S. W. McNabb, U. S. Dist. Atty., and Louis J. Somers, Asst. U. S. Dist. Atty., both of Los Angeles, Cal.

Rex Hardy and Vernon W. Hunt, both of Los Angeles, Cal., for respondent.

HOLLZER, District Judge.

The automobile here sought to be condemned was being operated on the streets of the city of Los Angeles, when it was pointed out to police officers by an informant, who stated that the same was then being driven by a bootlegger. The officers gave chase, and, when they approached the car, the driver abandoned the same, and escaped. The latter has never been arrested. The car was found to contain a five-gallon can of alcohol, upon which no tax had been paid. The intervener is the owner of said automobile, under a conditional sales contract issued to one Joe Enterante, who is in default thereon in the sum of $385.56.

The intervener contends that the car was seized while being used in the illegal transportation of liquor, and therefore the government may not obtain a forfeiture under the provisions of section 3450, U. S. Rev. St. (26 USCA §§ 1181, 1182), but is restricted to the procedure prescribed by section 26, title 2, of the National Prohibition Act (27 USCA § 40).

In United States v. Chevrolet Truck and United States v. Chevrolet Coupé (D. C.) 30 F.(2d) 830, 831, the evidence established facts virtually identical with those presented in the proceeding at bar. In the course of his opinion sustaining the right of the government to a forfeiture under section 3450 of the Revised Statutes, Judge Simons, then District Judge, declared: "The instant cases, how-

ever, present a situation where there was no prosecution, prosecution not being instituted because no one was apprehended or arrested, and under these circumstances no forfeiture under section 26 could be had. As I understand the situation, while this is not a question of election of remedies, yet, where an arrest has been made under the Prohibition Law, it becomes the duty of the government to prosecute under that law, and, prosecuting under the Prohibition Law as an incident to the proceedings thereunder, it becomes mandatory to forfeit the car under section 26; that this duty is incidental to, and follows as a matter of course, arrest and prosecution. Can it be said, however, that, when there is and can be no prosecution because there has been no arrest, that a duty imposed upon the officers as a necessary incident to prosecution still devolves upon them, when from the circumstances of the case it is obvious that the pursuit of such duty would be futile? I think the answer is in the negative. * * * "

This decision was affirmed by the Circuit Court of Appeals, Sixth Circuit, 40 F.(2d) 599. After stating that it concurred in the opinion rendered by Judge Simons, the Circuit Court of Appeals said:

"In each of the present instances the drivers escaped arrest by flight and there has been, and could be, no prosecution under the National Prohibition Act, so as to give effect to the doctrine of Port Gardner Investment Co. v. U. S., 272 U. S. 564, 47 S. Ct. 165, 71 L. Ed. 412, and Commercial Credit Co. v. U. S., 276 U. S. 226, 48 S. Ct. 232, 72 L. Ed. 541. Assuming substantial evidence in the record of an intent to evade the payment of taxes, we are of the opinion that the government may proceed, ab initio, under section 3450, especially in a case, such as these, where no conviction is possible as a condition precedent to forfeiture under section 26, and no arrest was made, nor prosecution started, under the National Prohibition Act.

"The cases thus turn wholly upon the question whether there was any substantial evidence of intent to evade the tax. The contention is that no tax could have been paid, that the so-called taxes are thus penalties, and that the only conceivable intent was to violate the Prohibition Act. Compare, Commercial Credit Co. v. U. S., 5 F.(2d) 1 (C. C. A. 6). This same contention was urged upon the Supreme Court in U. S. v. One Ford Coupé Automobile, supra, and is answered at pages 328 and 329 of 272 U. S., 47 S. Ct. 154, 156, 157 [71 L. Ed. 279, 47 A. L. R. 1025]. Doubtless, intent to violate the National Pro-

hibition Act was the only conscious, and certainly the chief, purpose of the illegal transportation. But, on the other hand, depriving the government of the basic tax (section 900, Revenue Act of 1926 [26 USCA § 245]) was a necessary and inseparable incident, or concomitant, to the successful accomplishment of the purpose of him who was transporting. That one must be held to anticipate and to intend the necessary, or even the obviously probable results of his premeditated act, is a principle so firmly established as to require no citation of authority. The intent is thus implied from the circumstances of the case. [Citing cases.] * * *

"If susceptible of proof at all, a fraudulent intent appears here, where, in addition to the fact of nonpayment of the tax, we have the surreptitious importation of the liquor into the United States, the attempt to carry it inland and the flight of the drivers. This evidence, we think, constitutes substantial proof of an intent to place the liquor in the channel of illicit trade without the payment of the tax. This, in law, is to evade such tax and to defraud the government thereof."

To the same effect, see U. S. v. One Buick Sedan, 58 F.(2d) 891, decided May 2, 1932, by the Court of Appeals of the District of Columbia; Two Certain Ford Coupé Automobiles v. U. S. (C. C. A.) 53 F.(2d) 187; also Midland Acceptance Corporation v. U. S. (C. C. A.) 47 F.(2d) 219.

For the foregoing reasons, we conclude that under the facts here disclosed section 26, title 2, of the National Prohibition Act, has no application to the instant case; that, on the contrary, the evidence sufficiently establishes an intent to evade the tax, and that the government is entitled to a forfeiture under section 3450 of the Revised Statutes.