## UNITED STATES v. ONE MACK TRUCK.
### No. 2245.

District Court, M. D. Pennsylvania.
June 30, 1930.

Abram Salsburg, of Wilkes Barre, Pa., for petitioner.

Andrew E. Dunsmore, U. S. Atty., of Wellsboro, Pa., and Herman F. Reich, Asst. U. S. Atty., of Sunbury, Pa.

JOHNSON, District Judge.

On November 3, 1928, federal prohibition agents entered a garage adjoining the plant of the Pittston Beverage Company in the city of Pittston, Pa., and seized a Mack truck owned by M. Chavanick on which was loaded 45 one-half barrels of unlabeled beer containing more than one-half of one per cent. of alcohol by volume. On March 20, 1929, the owner of the truck filed a petition for its return. An answer having been filed by the government, the issue raised was, by the consent of counsel for both sides, referred to a special master to take testimony, make report thereof, together with his findings of fact, conclusions of law, and recommendation to this court.

The report was filed March 8, 1930, and, contained the following findings of fact, conclusions of law, and recommendation.

"Findings of Fact.

"1. That on the 3rd day of November, 1928, State Prohibition Agents entered the garage of the petitioner and therewith seized the Mack Truck in question.

"2. That at the time of the seizure of the Mack Truck the garage wherein it was located was attached to the brewery of the Pittston Beverage Company.

"3. That said Mack Truck had on it for the purpose of delivery forty-five barrels of highpowered beer containing more than one-half of one per cent of alcohol by volume.

"4. That at the time of the seizure of the Mack Truck the petitioner in this case, either by himself or by his agent—John Girman—was violating the internal revenue laws—to defraud the government in the payment of a revenue tax."

"Conclusions of Law.

"That under all of the evidence in this case, there being a violation to defraud the government in the payment of an internal revenue tax, the petitioner one M. Chavanchick, claiming ownership of a Mack Truck, 1925 Model, Engine Number 516397, title Number A 1—629059, licensed by the Commonwealth of Pennsylvania to Number V—10201, should be dismissed, and the court make an order forfeiting the said truck to the United States Government for the nonpayment of the internal revenue tax."

Exceptions were filed by the petitioner and are now before this court for determination.

The contention of the petitioner is that, since the proceedings in this case were instituted by the claimant, and since the government has not proceeded legally to forfeit the truck by filing a libel, this court is without authority to declare a forfeiture of the truck. The recommendation of the special master is that the court declare a forfeiture of the truck to the government. In this proceedings, the government is not asking for a forfeiture of the truck, but that the government be allowed to proceed further to secure the forfeiture of the truck.

The evidence does not show that the truck was used in the transportation of illegal liquor; therefore, it cannot be forfeited on the ground of transportation, under the provisions of the National Prohibition Act (27 USCA). If this truck is to be forfeited, the procedure must be under section 3450 of the Revised Statutes (26 USCA § 1181), which provides for the removal or concealment of articles with intent to defraud the United States of tax. There is no evidence or contention in this case that the beer was moved on the truck, or that the truck was at any time in motion. It must, therefore, be shown that the beer was concealed on the truck with intent to defraud the United States of tax, and, before the forfeiture can be declared, the government must show that the beer was concealed on the truck with intent to defraud the United States of tax. In this proceeding, the court cannot declare a forfeiture of the truck, but the court will grant to the government the right to institute proper proceedings for the forfeiture of the truck within fifteen days from this date.

The exception to the special master's report is sustained, and permission is granted to the United States government to proceed for the forfeiture of the truck within fifteen days from this date.