## MISSOURI INV. CORPORATION v. UNITED STATES.

Circuit Court of Appeals, Sixth Circuit. May 7, 1929.

No. 5249.

B. J. Thole, of St. Louis, Mo. (Travis, Merrick, Johnson & Judd, of Grand Rapids, Mich., on the brief), for appellant.

L. H. Grettenberger, Asst. U. S. Atty., of Grand Rapids, Mich. (Edward J. Bowman, U. S. Atty., of Grand Rapids, Mich., on the brief), for the United States.

Before DENISON, HICKS, and HICKENLOOPER, Circuit Judges.

PER CURIAM. Farina bought a Buick automobile of a St. Louis agency. He paid in cash about one-half the price; for the remainder he gave his note payable in installments and secured by chattel mortgage. The Buick agency, on the same day, discounted and sold this note to the Missouri Investment Corporation, a St. Louis company engaged in the business of "financing" automobile purchase paper. Two months later Mrs. Farina was arrested in Michigan while transporting intoxicating liquor in this automobile, and the latter was seized. She was convicted, and the car was ordered to be sold by the marshal after specified notice. Pending this notice, the Investment Corporation filed a petition, setting up its claim under the chattel mortgage, and asking that the claim be paid out of the proceeds of the sale, or that the car be returned to the petitioner. No answer was filed to this petition, but it was heard before the court on oral proofs, on the assumption that the government was denying the validity of the lien, as claimed. The trial court dismissed the petition, and the petitioner appeals.

The first question arising is one of practice. The nature of the proceedings which may be taken under title 2, § 26, of the National Prohibition Act (27 USCA § 40), by the claimant of the seized vehicle, is not made very clear. We think, however, that such a petition as this is in the nature of an intervening petition in equity. The court, through the order for sale, has at least constructive possession of the property, and the determination of the liens upon it is essentially a matter of equitable jurisdiction. It follows that there was no right to a jury trial, that findings of fact are not necessary, and that the reviewing court may reach its own conclusions as to the disputed facts—subject, of course, to the deference due to the conclusion of a trial judge, who has heard and seen the witnesses.

We think that upon this record the controlling issue was misconceived. The liens preserved by the statute against confiscation are those which are "established * * * as being bona fide and as having been created without the lienor having any notice that the carrying vehicle was being used or was to be used for illegal transportation of liquor." The party whose good faith and lack of notice are referred to in this statute is the lienor in whose favor the lien was created; but that party in this case was the Buick agency. The issue as to its good faith and lack of notice was neither tendered by the petition nor tried at the hearing. If it had been supposed by either party to be important, the hearing would obviously have taken a different shape. Not only is the conclusion which we have stated plainly apparent, we think, from the language of the statute, but

512

only language very expressly to the contrary would be persuasive that the Congress intended to put such transactions on the basis of negotiable paper, and to allow the assignee of a mortgage to prevail over the governmental confiscation, when the original mortgagee could not do so.

It does not follow that good faith by and lack of notice to the assignee are immaterial. They also should be established, not because the statute requires, but because the proceeding is equitable, and relief could not be given to a party petitioner, who was seeking to divert the regular operation of this law, unless he should allege and prove that his connection with the subject-matter had happened in good faith and without notice to him of the illegal use made, or to be made, of the vehicle.

The order dismissing the petition should be vacated, and the case remanded for reformation of the pleadings, if desired, and for a retrial upon the controlling points.