### MISSOURI INV. CORPORATION v. UNITED STATES.

No. 5535.

Circuit Court of Appeals, Sixth Circuit.

June 12, 1930.

DENISON, Circuit Judge, dissenting.

B. J. Thole, of St. Louis, Mo. (Travis, Merrick & Johnson, of Grand Rapids, Mich., on the brief), for appellant.

L. H. Grettenberger, of Grand Rapids, Mich. (Edw. J. Bowman, of Grand Rapids, Mich., on the brief), for appellee.

Before DENISON, and HICKS, Circuit Judges, and WEST, District Judge.

HICKS, Circuit Judge.

This case appears here for the second time. Missouri Invest. Corp. v. U. S., 32 F.(2d) 511, 512 (C. C. A. 6). Upon its remand the pleadings were reformed to accord with the views of the former opinion and a retrial resulted in the dismissal of the intervening petition. The sole issues were: (1) Whether the chattel mortgage upon the automobile executed by Farina to the Kuhs-Buick Company and assigned to petitioner was bona fide; and (2) whether it was created without the original lienor, the Kuhs-Buick Company, and its assignee, the petitioner, having any notice that the automobile was being used or was to be used for illegal transportation of liquor. National Prohibition Act, tit. 2, § 26 (27 USCA § 40); Missouri Inv. Corp. v. U. S., supra. The testimony is uncontradicted and we think it fully sustains the petition. No worth-while purpose can be served by a review of the evidential facts. The result is that the interest of the petitioner in the automobile is not forfeited. National Prohibition Act, tit. 2, § 26 (27 USCA § 40); U. S. v. One Ford Coupe Automobile, 272 U. S. 321, 325, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025; Commercial Credit Co. v. U. S., 276 U. S. 226, 231, 48 S. Ct. 232, 72 L. Ed. 541; U. S. v. Gen. Motors Acc. Corp., 25 F.(2d) 238, 239 (C. C. A. 5); Shelliday et al. v. U. S., 25 F.(2d) 372, 374 (C. C. A. 4). And the case is therefore reversed and remanded for orders appropriate to the establishment and satisfaction of petitioner's lien.

DENISON, Circuit Judge.

I am unable to join in this disposition of the case. The investment company undertook an investigation as to the purchaser; and I think the matters presented to it and the reasonable inquiry thereby indicated would have given it cause to believe that the automobile was likely to be used for illicit liquor traffic. The question is one mainly of fact; it has been rather exhaustively discussed by the members of the court; my associates do not agree with me; and nothing is to be gained by any discussion of the details by me.