**UNITED STATES of America**

v.

**Marvin MANDEL et al.**

**Crim. No. Y–75–0822.**

United States District Court,
D. Maryland.

Jan. 21, 1981.

---

Daniel F. Goldstein, Asst. U. S. Atty., Baltimore, Md., for plaintiff.

H. Russell Smouse and Ransom J. Davis, Baltimore, Md., for claimant Irving T. Schwartz.

JOSEPH H. YOUNG, District Judge.

MEMORANDUM OPINION AND ORDER

The issue currently before this Court is the attempt by Irving T. Schwartz to prevent the forfeiture to the United States of 240,765[1] shares of stock in the Southern Maryland Agricultural Association, Inc. ("S.M.A.A., Inc."). The shares were originally ordered forfeited on October 7, 1977, pursuant to the provisions of the "Racketeer Influenced and Corrupt Organizations" chapter of the Organized Crime Control Act of 1970, 18 U.S.C. § 1961 *et seq.* ("RICO"). Prior to any actual forfeiture, however, Schwartz, who was not a defendant in these criminal proceedings, asserted his ownership interests in the S.M.A.A. stock sought to be forfeited. At that point, the question of forfeiture was held in abeyance pending the disposition of the criminal appeals. Those appeals are now concluded and this Court must decide the next step to be taken regarding this S.M.A.A. stock which is currently being held in escrow by the Clerk of this Court.

RICO, in 18 U.S.C. § 1963, imposes the sanction of forfeiture of an "enterprise" involved in violations of 18 U.S.C. § 1962. Specifically, § 1963(a) provides that any person found guilty of a violation of § 1962:

" . . . shall forfeit to the United States (1) any interest he has acquired or maintained in violation of section 1962, and (2) any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise which he has established, operated, controlled, conducted, or participated in the conduct of, in violation of section 1962."

In the present case, Irvin Kovens was convicted, under count 24 of the indictment, of violating § 1962 and the jury found by special verdict, that defendant Kovens owned 240,765 shares of S.M.A.A. stock "through Irving T. Schwartz, as nominee." The Court entered an order of forfeiture on October 7, 1977, to be effective thirty days thereafter, and directed that notice be given to "any and all interested parties that they must show cause, if any they may have, on or before twenty (20) days from this date, as to why the forfeiture ordered herein should not be finally effectuated." Schwartz, who had testified as a witness in the criminal trial, responded with a claim asserting his ownership of the stock which the jury found to be owned by Kovens through Schwartz, as nominee. Schwartz asserts that the jury's finding cannot be used to deprive him of the opportunity to show that he is the true owner of the stock inasmuch as he was not convicted of any violation of RICO and, in fact, was not even a defendant in this criminal case. Schwartz claims that, at the very least, he is entitled to a relitigation of the issue of ownership of the stock within the context of his being allowed to present his claim to ownership of the stock, or at least some portion of it. The government contends that the special jury verdict is dispositive of the question of ownership and that this Court has no discretion to deny forfeiture following such a verdict.

The degree of discretion available to a District Court with regard to ordering forfeiture under 18 U.S.C. § 1963 is currently the subject of some dispute. The government cites the decision in *United States v. L'Hoste*, 609 F.2d 796 (5th Cir.), *petition for rehearing and rehearing en banc denied*, 615 F.2d 383 (5th Cir.), *cert. denied*, — U.S. —, 101 S.Ct. 104, 66 L.Ed.2d 39 (1980), to support the contention that this Court has no authority under the RICO statute to deny forfeiture:

---

1. The Government's Petition for Order of Forfeiture sought approximately 236,250 shares of S.M.A.A. stock while the special verdict of the jury found Kovens to be the owner of 240,765 shares. The latter figure, therefore, stands as the maximum number of shares affected by this Order.

"Following a proper jury verdict for violation of the racketeer influenced corrupt organizations statute, 18 U.S.C. § 1962, a District Court judge has no discretion to deny forfeiture, but is limited to setting forth terms and conditions on which forfeiture shall take place. Section 1963 of Title 18 permits the judge only to take some steps to preserve the enterprise so that the Government's interest is not destroyed prior to forfeiture." [Supplemental Memorandum of Law in Support of Government's Petition for Order of Forfeiture, July 22, 1980, pp. 1–2].

The claimant, on the other hand, argues that the District Court is vested with a large amount of discretion under the statute and in the present case, "properly must make the threshold determination of who in fact owns the property in question, before it can be declared forfeited." [Supplemental Memorandum of Law in Opposition to Government's Petition for Order of Forfeiture of Property Interests of Irving T. Schwartz, October 6, 1980, p. 12]. Apparently conceding the correctness of the government's interpretation of the Fifth Circuit's decision in *L'Hoste*, the claimant contends that ruling "is simply wrong." [*Id.* at p. 2].

This Court has serious reservations about the government's narrow interpretation of the discretion available to a District Court under § 1963. The statutory language is obviously susceptible to more than one interpretation as evinced by the lengthy discussion in *L'Hoste*, 609 F.2d at 809–813. *See also, L'Hoste, petition for rehearing and rehearing en banc denied*, 615 F.2d 383. Furthermore, if application of the forfeiture provisions proved to abridge constitutional rights, some exercise of judicial discretion might prove proper in order to avoid the unconstitutional application of this statute. *See United States v. Huber*, 603 F.2d 387, 397 (2d Cir. 1979). Our system would not tolerate a statutory scheme which could be effectuated in such a way as to deny constitutional rights, yet evade any type of judicial review. Thus, this Court is unable to accept an interpretation of RICO which would preclude any possibility of the exercise of judicial discretion with regard to a forfeiture under that statutory scheme. However, the Court need not decide the precise circumstances which might require or justify the exercise of judicial discretion with regard to forfeitures under RICO because, in the present case, the claimant has yet to avail himself of the provisions of the statutory scheme relating to the remission or mitigation of forfeitures.

The statutory scheme relating to forfeitures under the provisions of RICO vests the Attorney General with authority to make provisions for the remission or mitigation of forfeitures and charges him with the obligation of protecting the rights of innocent persons. 18 U.S.C. § 1963(c) expressly provides, in relevant part:

"All provisions of law relating to the disposition of property, or the proceeds from the sale thereof, or the remission or mitigation of forfeitures for violation of the custom laws, and the compromise of claims and the award of compensation to informers in respect of such forfeitures shall apply to forfeitures incurred, or alleged to have been incurred, under the provisions of this section, insofar as applicable and not inconsistent with the provisions hereof. Such duties as are imposed upon the collector of customs or any other person with respect to the disposition of property under the customs laws shall be performed under this chapter by the Attorney General. The United States shall dispose of all such property as soon as commercially feasible, *making due provision for the right of innocent persons.*" [Emphasis added]

In the present case, the claimant will thus be entitled to assert his ownership rights in the S.M.A.A. stock to the Attorney General of the United States. The Attorney General has the express statutory responsibility to provide for the rights of innocent persons effected by a forfeiture order as well as the more general obligation to insure that the laws of the United States are enforced in a constitutional manner. Should the claimant be unsatisfied with the actions taken by

the Attorney General in fulfilling these duties, the claimant would be entitled to bring an independent judicial action seeking appropriate declaratory and injunctive relief.[2] However, before the Attorney General has taken action under the provisions of § 1963(c), the claimant cannot maintain that the statutory scheme denies his constitutional rights because of the fact that the scheme still provides him with an opportunity to assert his ownership rights and seek appropriate provision for such rights.

Accordingly, it is this 21st day of January, 1981, by the United States District Court for the District of Maryland, ORDERED:

1. That the shares of stock in S.M.A.A., Inc. found by the jury to be owned by defendant Irvin Kovens be FORFEITED according to the provisions of 18 U.S.C. § 1963;

2. That such forfeiture be STAYED until Schwartz has exhausted his request for relief from the Attorney General providing action to obtain such review is commenced within thirty (30) days of this date; and

3. That a copy of this Memorandum Opinion and Order be sent to Ransom J. Davis, Esquire, and Daniel F. Goldstein, Esquire, Assistant United States Attorney.

---

2. The holding of this Court that, under the present circumstances, recourse must first be sought from the Attorney General implies no view as to the precise scope of judicial review ultimately available or as to the standards, either constitutional or statutory, which would be applied in any such review. Judicial review of the actions taken by those charged with the power to grant remission and mitigation of forfeitures under the customs laws has historically been rather limited. *See, e. g., United States v. One 1970 Buick Riviera Bearing Serial No. 494870H910774,* 463 F.2d 1168, 1170 (5th Cir.), *cert. denied,* 409 U.S. 980, 93 S.Ct. 314, 34 L.Ed.2d 244 (1972). Furthermore, the Supreme Court has proved unwilling to enunciate a constitutional doctrine forbidding the forfeiture of the property of innocent owners under *in rem* forfeiture proceedings. *Calero-Toledo v. Pearson Yacht Leasing Co.,* 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974). The fact that proceedings under § 1963 are *in personam* against the defendant makes RICO unique and might provide a basis for distinguishing the earlier holdings which were at least in part based upon statutory interpretation. *Cf. Shaffer v. Heitner,* 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977). However, the determination of these issues must await the appropriate judicial forum.