Irving T. SCHWARTZ

v.

UNITED STATES of America.

UNITED STATES of America

v.

Marvin MANDEL, et al.

Civ. No. 4–81–350.
Crim. No. 4–75–0822.

United States District Court,
D. Maryland.

March 20, 1984.

Ransom J. Davis and H. Russell Smouse, Baltimore, Md., for plaintiff Irving T. Schwartz.

J. Frederick Motz, U.S. Atty., and Kathleen S. Downs, Asst. U.S. Atty., Baltimore, Md., for defendant U.S.

## MEMORANDUM

JOSEPH H. YOUNG, District Judge.

This action, a consolidation of a civil suit brought by plaintiff Irving T. Schwartz against the United States and a criminal action brought by the United States against Marvin Mandel, former governor of Maryland, and others, seeks to settle a dispute over the ownership of 241,000 shares of stock in the Southern Maryland Agricultural Association, Inc. ("SMAA"), the corporate entity which owned the Marlboro Race Track. In the criminal trial (Docket No. 75–0822), it was determined by a general verdict of the jury that the SMAA stock—held in the name of Irving Schwartz—was actually owned by Irvin Kovens, one of Mandel's co-defendants. The jury also determined by special verdict that the amount of stock owned by Kovens was 240,765 shares, and the stock was forfeited to the government under the Racketeer Influenced and Corrupt Organizations (RICO) chapter of the Organized Crime Control Act of 1970, 18 U.S.C. § 1963. *See United States v. Mandel,* 505 F.Supp. 189 (D.Md.1981).

Before making the forfeiture order final, this Court allowed claimants of an interest in the stock to show cause why the order should not be finalized. Schwartz objected to the forfeiture, claiming that he owned the stock and that he could not be bound by the criminal verdict against Irvin Kovens, since he was not a party to the litigation. Schwartz later filed a civil action (Docket No. 81–350) seeking a declaratory judgment that the stock belongs to him, and could not have been properly forfeited to the government since he was not convicted in the RICO trial.

Schwartz's petition for remission or mitigation of the forfeiture, filed with the Attorney General at the suggestion of the Court, and his appeal of the prior order of the Court, were unsuccessful. His challenge to the forfeiture order has been remanded by the Fourth Circuit Court of Appeals to be consolidated with his declaratory judgment action, "so that the issue of Schwartz's claim to the SMAA stock may be finally decided." *United States v. Mandel,* 705 F.2d 446 (4th Cir.1983).

Trial on this consolidated case was set for December 19, 1983. Three issues have been raised by the claimant which require resolution before trial: 1) whether the claimant has a right to a jury trial on the issue of his ownership of the stock, 2) whether the verdict of the jury in the criminal trial is admissible in evidence in the claimant's declaratory judgment action, and 3) which party has the burden of proof.

The claimant has requested oral argument on these issues; however, the issues have been fully briefed, and the Court has determined that oral argument is not necessary.

JURY TRIAL

Resolution of the issue of whether the claimant has a right to a jury trial depends on how this consolidated case is styled: the government would have the Court see the case as an action in equity in which the plaintiff seeks to impose a constructive trust, or an equitable lien, on the stock which has been forfeited to the government; Schwartz, the claimant, maintains that the government, by procedural fluke, has managed to reverse the "normal procedures," and that the government should be "denominated the plaintiff" and required to prove that the stock should be forfeited under § 1963.

The flaw with Schwartz's argument is that the stock has already been forfeited to the government, by order of the Court dated January 21, 1981, an order which was upheld by the Fourth Circuit. *United States v. Mandel, supra.* To require reclassification in this case, which would result in the government having to reprove its case on Kovens' ownership before a new jury, would mean that the government would have to reprove the ownership of an interest in a RICO criminal enterprise every time a new owner asserted an interest in the forfeited share of the enterprise. Such a result could hardly have been envisioned by Congress in its enactment of 18 U.S.C. § 1963, and is not constitutionally required.

The claimant also argues that the government should be labeled the plaintiff in this case because the earlier verdict as to Kovens' participation in the RICO criminal enterprise, and as to his ownership of the shares of stock at issue here, resulted in an *in personam,* rather than an *in rem,* judgment. Prior cases and prior decisions in this case have pointed out the unique nature of the RICO forfeiture provisions, which result in an *in personam,* rather than the traditional *in rem,* forfeiture of property. *See, e.g., United States v. Mandel,* 505 F.Supp. 189, 192 (D.Md.1981), *United States v. Rubin,* 559 F.2d 975, 991 n. 15 (5th Cir.1975). Most statutory forfeiture provisions require separate *in rem* proceedings against the property subject to forfeiture, in addition to the underlying criminal proceedings. But, under RICO, the forfeiture is imposed directly on the defendant in a criminal case. *United States v. Huber,* 603 F.2d 387, 396 (2d Cir.1979). Nonetheless, the fact that the forfeiture of Kovens' interest in the SMAA stock was an *in personam,* not an *in rem,*

judgment does not mean that the government must now reprove that the stock belonged to Kovens. Rather, the nature of the judgment simply means that it cannot have a collateral estoppel or *res judicata* effect as to future claimants who were not parties to the original action.

In addition, analogies to the *in rem* forfeiture proceedings are helpful. The National Prohibition Act, Oct. 28, 1919, ch. 85, Title II, § 26, 41 Stat. 315–316, formerly 27 U.S.C. § 40, was very similar in structure to RICO in terms of its forfeiture proceedings. Under that Act, the Commissioner was empowered to seize vehicles or boats found to be illegally transporting intoxicating liquors, and, *upon conviction of the person using the vehicle*, it was to be sold at public auction, and the proceeds used to pay all liens on the vehicle. Thus, the holder of a lien on a vehicle subject to forfeiture under the Act was in a similar position to the claimant in this case—both seek to assert, as third parties, an interest in property which has been forfeited by a defendant to the United States because of conviction in criminal proceedings. In at least one case brought under the Act, the claimant to the property sought a trial by jury on the issue of his interest in the property. In *Missouri Inv. Corp. v. United States*, 32 F.2d 511 (6th Cir.1929), the court held that the lienor's challenge to the forfeiture proceeding was "in the nature of an intervening petition in equity," as is the claimant's declaratory judgment action in this case.

■ Having determined that the plaintiff states a cause of action in equity, the Court rules that he is not entitled to a jury trial under the Seventh Amendment. *Ross v. Bernhard*, 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970). Having decided that the plaintiff is not entitled to trial by jury, the Court need not reach the government's claim that he has waived his right to a jury trial.

BURDEN OF PROOF

■ The Court must also identify the party bearing burden of proof. The government correctly points out that § 1963(c) (the RICO forfeiture provision) specifies that "all provisions of law relating to the disposition of property, or the proceeds from the sale thereof, or the remission or mitigation of forfeitures for violation of the customs laws" shall apply to forfeiture under RICO, and that 19 U.S.C. § 1615 places the burden of proof on claimants to goods forfeited under customs laws, when the government has established that it had probable cause to institute the forfeiture action. This rule applies to an innocent lessor who had no knowledge of the criminal enterprise involving his boat, *United States v. One (1) 1972 Wood, 19 Ft. Custom Boat*, 501 F.2d 1327, 1329 (5th Cir.1974). Because the government has already secured a verdict from a criminal jury—which it had to convince beyond a reasonable doubt—that the shares of stock belonged to Kovens, the government has more than made out probable cause. Under the analysis used in customs forfeiture proceedings, the claimant here bears the burden of proof.

Furthermore, the claimant in this case is a petitioner in a court of equity, and as such he bears the burden of proof, or, more specifically, the risk of nonpersuasion. Consequently, Schwartz must prove by a preponderance of the evidence that he—not Kovens—was the owner of the SMAA stock.

ADMISSIBILITY OF VERDICTS

■ The final pretrial issue to be resolved relates to the admissibility of the earlier verdicts in the criminal trial, presumably as to the guilt of Kovens and his co-defendants in the RICO criminal enterprise, and as to Kovens' ownership of the stock. The claimant maintains that the general and special verdicts of the criminal case are not admissible, but then proceeds to argue cases which hold that the claimant is not collaterally estopped from challenging the earlier verdict because he was not a party to the earlier trial. It is true that Schwartz is not estopped from asserting that he was the owner of the stock—that much has been conceded by the govern-

ment. The real question is whether the verdicts of the jury in the earlier criminal trial are admissible as relevant, material evidence that Kovens, in fact, was the owner of the stock. Rule 803(22), Federal Rules of Evidence, provides, in pertinent part, that the hearsay rule does not result in the exclusion of "evidence of a final judgment, entered after a trial ... adjudging a person guilty of a crime punishable by death or imprisonment in excess of one year, to prove any fact essential to sustain the judgment." In accordance with that rule, this Court holds that the judgments are admissible. The RICO violation of which Kovens was convicted was certainly a felony, and the fact that he owned the stock in the SMAA was "a fact essential to sustain the judgment" forfeiting his stock.